UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER ORLOW, as Plenary Guardian of THADDEUS ORLOW, a disabled person,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, LESTER ORLOW, as Plenary Guardian of THADDEUS ORLOW, a disabled person, by and through his undersigned counsel, complaining of Defendant, UNITED STATES OF AMERICA, alleges as follows:

### **JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2674.

2. Plaintiff properly presented his claim to the United States Department of Veteran's Affairs on April 27, 2015.

3. The United States Department of Veteran's Affairs failed to make final disposition of the claim within six months after it was filed.

4. This failure may be deemed to be a denial of the claim pursuant to 28 U.S.C. § 2675(a).

5. Venue is proper in the Northern District of Illinois because a substantial part of the events or omissions giving rise to the action occurred here. 28 U.S.C. § 1391(e)(1).

## PARTIES

6. Thaddeus Orlow was adjudged a Disabled Person by the Circuit Court of Cook County, Illinois, Probate Division, on or about October 2, 2013.

7. Lester Orlow was appointed Plenary Guardian of Thaddeus Orlow, a disabled person, by the Circuit Court of Cook County, Illinois, Probate Division, on October 2, 2013.

8. At all times material to this action, Thaddeus Orlow was a resident of Schaumburg, Illinois.

9. At all times material to this action, Lester Orlow was a resident of Wheaton Illinois.

10. The United States of America is a sovereign state which has waived sovereign immunity and consented to suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674.

## GENERAL ALLEGATIONS

11. On and after May 8, 2013, and at all times material to this action, the United States of America owned, operated, managed, maintained and/or staffed a medical facility known as the Hines V.A. Medical Center in Hines, Illinois.

12. At all times herein mentioned, the defendant, BRUCE KLEINMAN, M.D., was a physician duly licensed to practice medicine within the State of Illinois, and he specialized in anesthesiology.

13. On and after May 8, 2013, and at all times material to this action, BRUCE KLEINMAN, M.D., was an employee and/or agent of the United States of America and was at all times acting within the course and scope of his employment and/or agency.

14. On and after May 8, 2013, and at all times material to this action, BRUCE KLEINMAN, M.D. was on staff at the Hines V.A. Medical Center in Hines, Illinois and provided care and treatment to patients at the Hines V.A. Medical Center, including THADDEUS ORLOW.

15. At all times herein mentioned, the defendant, NICHOLAS NIEMIEC, M.D., was a physician duly licensed to practice medicine within the State of Illinois, and he specialized in anesthesiology.

16. On and after May 8, 2013, and at all times material to this action, NICHOLAS NIEMIEC, D.O., was an employee and/or agent of the United States of America and was at all times acting within the course and scope of his employment and/or agency.

17. On and after May 8, 2013, and at all times material to this action, NICHOLAS NIEMIEC, D.O. was on staff at the Hines V.A. Medical Center in Hines, Illinois and provided care and treatment to patients at the Hines V.A. Medical Center, including THADDEUS ORLOW.

18. On and after May 8, 2013, THADDEUS ORLOW was a post-operative patient at the Hines V.A. Medical Center on full ventilator support.

19. On May 8, 2013, THADDEUS ORLOW, while a post-operative patient at the Hines V.A. Medical Center, underwent a surgical procedure to place a tracheostomy tube that would, along with full ventilator support, assist his breathing.

20. On May 10, 2013 at approximately 9:45 a.m., while under the supervision and care of Defendant's employees and/or agents, BRUCE KLEINMAN, M.D. and NICHOLAS NIEMIEC, D.O., THADDEUS ORLOW was started on a tracheostomy collar ventilator weaning trial, or, in the alternative, on the aforesaid date and time, THADDEUS ORLOW'S tracheostomy tube was caused to become disconnected from the ventilator or, in the alternative, on the aforesaid date and time, THADDEUS ORLOW'S tracheostomy tube became blocked.

21. On May 10, 2013, from approximately 9:45 a.m. until approximately 1:00 p.m. THADDEUS ORLOW showed signs and symptoms of an ongoing hypoxic event, but said event

was not diagnosed and/or treated by Defendant's employees and/or agents, BRUCE KLEINMAN, M.D. and NICHOLAS NIEMIEC, D.O.

22. On May 10, 2013, at approximately 1:00 p.m., THADDEUS ORLOW was diagnosed as having suffered a cerebral hypoxic event and brain injury.

23. On May 10, 2013 Defendant, BRUCE KLEINMAN, M.D. was negligent and deviated from the applicable standard of care in one or more of the following ways:

    a. Improperly initiated a ventilator weaning trial when such trial was not necessary and proper for THADDEUS ORLOW; and/or

    b. Failed to properly monitor THADDEUS ORLOW during his ventilator weaning trial; and/or

    c. Failed to properly restrain THADDEUS ORLOW to ensure he did not disconnect his tracheostomy tube from the ventilator; and/or

    d. Failed to properly suction and care for THADDEUS ORLOW'S tracheostomy tube; and/or

    e. Failed to properly and timely recognize THADDEUS ORLOW'S hypoxic event; and/or

    f. Failed to properly and timely diagnose THADDEUS ORLOW'S hypoxic event; and/or

    g. Failed to properly and timely treat THADDEUS ORLOW'S hypoxic event; and/or

    h. Failed to implement policies and procedures regarding ventilator weaning; and/or

    i. Failed to follow policies and procedures regarding ventilator weaning; and/or

    j. Failed to implement policies and procedures regarding monitoring of patients on ventilators; and/or

    k. Failed to follow policies and procedures regarding monitoring of patients on ventilators; and/or

    l. Failed to implement policies and procedures regarding restraining patients; and/or

    m. Failed to follow policies and procedures regarding restraining patients; and/or

    n. Failed to implement policies and procedures regarding suctioning and care of patients' tracheostomy tubes; and/or

    o. Failed to follow policies and procedures regarding suctioning of patients' tracheostomy tubes; and/or

    p. Failed to implement policies and procedures regarding the timely and proper diagnosis of hypoxia; and/or

    q. Failed to follow policies and procedures regarding the timely and proper diagnosis of hypoxia; and/or

    r. Failed to implement policies and procedures regarding the timely and proper treatment of hypoxia; and/or

    s. Failed to follow policies and procedures regarding the timely and proper treatment of hypoxia.

24. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Defendant, UNITED STATES OF AMERICA, THADDEUS ORLOW sustained injuries of a personal, permanent, and pecuniary nature.

25. Attached hereto and incorporated herein is the affidavit of one of Plaintiff's attorneys and the written physician's report, as required by 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, LESTER ORLOW, Plenary Guardian of THADDEUS ORLOW, a disabled person, demands judgment against the defendant, UNITED STATES OF AMERICA in a sum in excess of FIFTY MILLION DOLLARS ($50,000,000.00) plus costs.

Dated: May 5, 2017

                        RHATIGAN LAW OFFICES, LLC

                        Attorneys for Plaintiff

                        By:   /s/Timothy P. Rhatigan
                               Timothy P. Rhatigan (ARDC No. 6225916)
                               30 North LaSalle Street, Suite 2950
                               Chicago, Illinois 60602
                               Tel.: 312-578-8502 | Fax: 312-346-6549
                               tpr@rhatiganlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER ORLOW, as Plenary Guardian of ) <br> THADDEUS ORLOW, a disabled person, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> *Defendant*. ) | Civil Action No.: |

## ATTORNEY'S AFFIDAVIT

Your Affiant, TIMOTHY P. RHATIGAN, attorney for the Plaintiff herein, DERONDA WILLIAMS, as Independent Executor of the Estate of DORIS GUICE, deceased, being first duly sworn, deposes and states that:

1. I am the attorney for the Plaintiff herein.

2. I have consulted and reviewed the facts surrounding the facts of this case with a physician licensed to practice medicine in all its branches who I reasonably believe is knowledgeable in the relevant issues involved in this particular action.

3. The said reviewing physician practices in the same area of health care or medicine that is at issue in this particular action.

4. The said reviewing physician meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

5. The said reviewing physician is qualified by experience or have demonstrated competence in the subject of this case and has determined in a written report, after review of Plaintiff's medical records and other relevant material, that there is a reasonable and meritorious cause for the filing of this action.

6. I have concluded, on the basis of the said review and consultation with the reviewing physician that there is a reasonable and meritorious cause for the filing of this action.

7. A true and correct copy of the report of the reviewing physician is attached hereto.

FURTHER, AFFIANT SAYETH NOT.

/s/Timothy P. Rhatigan

[X] Under penalties as provided by law pursuant to 735 Illinois Compiled Statutes 5/1-109(1993), I certify that the statements set forth herein are true and correct.

Timothy P. Rhatigan
RHATIGAN LAW OFFICES, LLC
30 N. LaSalle St., Suite 2950
Chicago, IL 60602
(T) 312-578-8502 | (F) 312-346-5649
Firm #: 47654
tpr@rhatiganlaw.com

May 5, 2017

Timothy P. Rhatigan
RHATIGAN LAW OFFICES, LLC
30 N. La Salle St., Suite 2950
Chicago, Illinois 60602

Dear Mr. Rhatigan:

  I am a physician licensed to practice medicine in all its branches. I am board certified in Anesthesiology with Special Qualifications in Critical Care Medicine since 1995. I have practiced Anesthesiology and Critical Care Medicine from 1990 through the present. I have reviewed medical records from the Hines V.A. Medical Center as they relate to the medical care and treatment provided to Thaddeus Orlow.

  Based upon my review of the records and my experience and training as a physician who is familiar with the medical issues presented and familiar with the standard of care applicable to the physicians, nurses and respiratory therapists involved in diagnosing and treating the medical conditions associated with Thaddeus Orlow, I have determined that a reasonable and meritorious cause for filing a lawsuit exists against Bruce Kleinman, M.D.; Nicholas Niemiec, D.O.; Lindsey Zavadil, R.N.; Neerja Verma, R.N.; Michelle Van Kuiken, M.D.; Donald Thomas, M.D.; Michael Eng, M.D.; Jason Frazier, M.D.; Simla Mathew, R.T.; Brenda Bailey, M.D.; Ann-Ming Hseih, M.D.; and AmyCecelia Sanders, M.D.

  On May 8, 2013, Thaddeus Orlow underwent a procedure to place a tracheostomy tube to assist his breathing. On May 10, 2013, at approximately 9:45 a.m., Thaddeus Orlow was started on a tracheostomy collar ventilator weaning trial. At approximately 1:00 p.m. on May 10, 2013, Mr. Orlow suffered a cerebral hypoxic event and coded.

  It is my opinion that Bruce Kleinman, M.D.; Nicholas Niemiec, D.O.; Lindsey Zavadil, R.N.; Neerja Verma, R.N.; Michelle Van Kuiken, M.D.; Donald Thomas, M.D.; Michael Eng, M.D.; Jason Frazier, M.D.; Simla Mathew, R.T.; Brenda Bailey, M.D.; Ann-Ming Hseih, M.D.; and Amy Cecelia Sanders, M.D. deviated from the applicable standard of care in one or more of the following ways:

  a. Improperly initiated a ventilator weaning trial when such a trial was not necessary and proper given Thaddeus Orlow's complex medical and surgical history;

  b. Failed to properly monitor Thaddeus Orlow during his ventilator weaning trial;

  c. Failed to properly restrain Thaddeus Orlow to ensure he did not disconnect the ventilator from his tracheostomy tube;

  d. Failed to properly suction and care for Thaddeus Orlow's tracheostomy tube;

e.  Failed to properly and timely recognize Thaddeus Orlow's hypoxia;

f.  Failed to properly and timely diagnose Thaddeus Orlow's hypoxia;

g.  Failed to properly and timely treat Thaddeus Orlow's hypoxia;

h.  Failed to implement policies and procedures regarding ventilator weaning;

i.  Failed to follow policies and procedures regarding ventilator weaning;

j.  Failed to implement policies and procedures regarding monitoring of patients on ventilators;

k.  Failed to follow policies and procedures regarding monitoring of patients on ventilators;

l.  Failed to implement policies and procedures regarding restraining patients;

m.  Failed to follow policies and procedures regarding restraining patients;

n.  Failed to implement policies and procedures regarding suctioning and care of patients' tracheostomy tubes;

o.  Failed to follow policies and procedures regarding suctioning and care of patients' tracheostomy tubes;

p.  Failed to implement policies and procedures regarding diagnosis of hypoxia;

q.  Failed to follow policies and procedures regarding diagnosis of hypoxia;

r.  Failed to implement policies and procedures regarding treatment of hypoxia; and

s.  Failed to follow policies and procedures regarding treatment of hypoxia;

As a result of one or more of the above deviations, Thaddeus Orlow suffered a neurological insult. It is my opinion, based upon a reasonable degree of medical certainty that these factors proximately caused or contributed to the injury to Thaddeus Orlow on May 10, 2013.

Very truly yours,

_____